**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 13-cr-00142-REB

UNITED STATES OF AMERICA ,

    Plaintiff,

v.

1.  SEVERO MORENO,
2.  ERIK ESPINOZA-MORENO,
8.  SAMUEL RODRIGUEZ,
9.  OMAR TORRES, and
10. FLORENTINO PONCE CAMPUZANO,[1]

    Defendants.

## ORDER MARSHALING
## EXPERT WITNESS DISCOVERY AND TESTIMONY

**Blackburn, J.**

At the status conference on January 30, 2015, the court and counsel discussed, *inter alia*, some of the issues anticipated to be raised by at least some of the defendants concerning the existing and anticipated discovery and opinions relating to the government's disclosed and anticipated expert witnesses.[2] This order is entered to provide a reasonable procedure to address the issues concerning expert testimony in this case.

**THEREFORE, IT IS ORDERED** as follows:

---

[1] This defendant prefers to be called "Jesus Rodriguez-Lomeli."

[2] On June 6, 2014, the government filed **Government's Supplemental Notice of Intent To Use Expert Witness Testimony Pursuant to Fed. R. Crim. P. 701 and 702, And Fed. R. Evid. 16(a)(1)(g)** [#312], which the government supplemented on September 29, 2014, with **Government's Notice of Intent To Use Expert Witness Testimony Pursuant to Fed. R. Crim. P. 701 and 702, And Fed. R. Evid. 16(a)(1)(g)** [#447].

1. That the government may disclose additional experts and provide corresponding expert reports and summaries by **February 16, 2015**;

2. That to resolve pretrial issues implicating Fed. R. Evid. 702, 703, or 704, the following procedural protocol shall be used:

    a. That for the government,[3] expert reports and summaries shall conform in substance to the requirements of Fed. R. Crim. P. 16(a)(1)(G) and shall contain and include the following:

        1. a complete statement of each expert opinion to be expressed and the bases and reasons therefor;

        2. the data or other information considered by the witness in forming each expert opinion;

        3. any exhibits to be used as a summary of or support for each expert opinion;

        4. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years, stated in a *curriculum vitae* ("c.v.");

        5. the compensation to be paid the expert for the study and testimony; and

        6. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

    b. That all motions raising issues under Fed. R. Evid. 702, 703, or 704, as

---

[3] And Fed. R. Crim. P. 16(b)(1)(C) for the defense.

codified and construed, shall be filed by **March 18, 2015**, and marshaled thereafter as prescribed by **D.C.COLO.LCivR 7.1(d)**[4];

 c. That for each putative expert witness with respect to whom a defendant objects for any reason, that defendant shall provide the following:

  1. whether the defendant contends that the testimony of the expert is unnecessary or irrelevant; and if so, why;

  2. whether the defendant objects to the qualifications of the witness; and if so, why (stated in detail); and

  3. whether the defendant objects to any opinion to be offered by the expert; and if so:

   a. which opinion; and

   b. the specific basis for any objection stated and presented in terms of Fed. R. Evid. 401 and/or 702 (a), (b), (c), or (d), 703, or 704, i.e., whether the objection impugns the relevancy of the opinion, the qualifications of the expert, the sufficiency of the facts and data used in support of the opinion, the principles and methods on which the expert relied in support of the opinion, how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion, or the facts or data used in forming an opinion on the subject; and

 d. That for each putative expert witness whose necessity, qualifications, or opinions are opposed by a defendant, the government shall provide in response to the

---

[4] That to the extent necessary to conform to the requirements of this order, Severo Moreno may revise or replace **Defendant Severo Moreno's Motion To Strike Government's Proposed Expert Testimony, or in the Alternative, for an Evidentiary Hearing Pursuant to F. R. E. 702** [#498[ filed January 28, 2015.

motion the following:

      1. a c.v. for the expert;

      2. a statement of each opinion to be offered by the expert that is opposed by the defendant; and

      3. the relevance and bases for each allegedly objectionable statement to be offered by the expert, including

          a. the facts or data on which the expert relied in support of the opinion made the focus and subject of objection;

          b. the principles and methods on which the expert relied in support of the opinion made the focus and subject of objection; and

          c. how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion made the focus and subject of objection; and

    3.  That based on any motion, its corresponding response, and any corresponding reply, the court may

      a. rule on the papers;

      b. require additional briefing;

      c. schedule an evidentiary hearing; or

      d. schedule oral argument.

Dated February 2, 2015, at Denver, Colorado.

                                      **BY THE COURT:**

                                      */s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge