**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 13-cr-00142-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

8.  SAMUEL RODRIGUEZ,
9.  OMAR TORRES,
    aka Bartolo Pita Walle, and
10. FLORENTINO PONCE CAMPUZANO,
    a/k/a Jesus Rodriguez-Lomeli,

    Defendants.

## ORDER LIMITING THE SCOPE OF THE MARCH 20, 2015, HEARING

**Blackburn, J.**

    The matter is before me *sua sponte* to further define the scope and type of suppression hearing to be conducted on March 20, 2015, concerning the defendants' various motions to suppress cell phone searches.[1]

    On February 18, 2015, I entered a **Minute Order** [#524],[2] which required, *inter alia*:

> That by March 4, 2015, any party in interest who intends to introduce evidence at the suppression hearing shall identify any material issue of fact requiring the submission of evidence.

Minute Order at 2, ¶ 3. Only the government filed a timely response. *See* [#527] filed

---

[1] The specific motions to suppress are identified with particularity in the **Minute Order** [#524] entered February 18, 2015, and, to rehearse, include [#339] (as supplemented by [#375]), [#396], [#488], [#491], and [#492]. Other motions to suppress relating to the legality of the relevant traffic stop and concomitant detention, inventory search, and other related activities remain pending, *e.g.*, [#313], [#334], and [#403].

[2] "[#524]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

March 4, 2015.[3]

Based on my review of the motions to suppress and the response of the government, and being cognizant that I will conduct a separate, evidentiary hearing to resolve the propriety, legality, and constitutionality of the August 30, 2013, traffic stop and concomitant detention, inventory search, and other related activities, I find and conclude that the motions insofar as they focus on the cell phone searches do not present or preserve an issue of material fact requiring the presentation of evidence.[4] Instead, the issues raised by and inherent to the motions to suppress the relevant cell phone searches warrant and require legal argument only. Thus, the purview of the hearing should be tailored accordingly.

**THEREFORE, IT IS ORDERED** as follows:

1. That at the suppression hearing on March 20, 2015, the court shall receive the legal arguments of the parties in interest concerning the issues raised and preserved in the motions to suppress then before the court; and

2. That the court reserves one hour for argument.

Dated March 16, 2015, at Denver, Colorado.

                                              **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

---

[3] I am aware that on March 5, 2015, the defendant, Omar Torres, filed a **Notice Re: Evidentiary Issues for March 20, Hearing** [#528]. Having reviewed the notice, although filed out of time, I remain convinced that no evidentiary hearing is required.

[4] Of course, I need not, and do not, respond to an argument raised for the first time in a reply.